IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. |
| MARK SEVIER | 8-19-R-639-X |

## FACTUAL RESUME

In support of Mark Sevier's plea of guilty to the offense in Count One of the Information, Sevier (the defendant), Mark Daniel (the defendant's attorney), and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (8 U.S.C. § 1324(a)(1)(A)(iii)), that is, Conspiracy to Unlawfully Harbor Illegal Aliens, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant and at least one other person made an agreement to commit the crime of unlawful employment of illegal aliens, as charged in the information;

*Second.*  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*  That one of the conspirators during the existence of the conspiracy committed at least one of the overt acts described in the superseding information, in order to accomplish some object or purpose of the conspiracy.

---

[1] Fed. Crim, Jury Instr. 7th Cir. 1324A(a)(1)(A).

Factual Resume (Sevier)—Page 1

Source:     Fifth Circuit Pattern Jury Instructions § 2.57 (2015 ed.)

The elements of unlawful harboring of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), are:

*First.*    That the alien entered, came to, or remained in the United States in violation of law;

*Second.*   That the defendant concealed, harbored, shielded from detection, or attempted to conceal, harbor, or shield from detection the alien within the United States;

*Third.*    That the defendant knew or acted in reckless disregard of the fact that the alien entered, came to, or remained in the Untied States in violation of law; and

*Fourth.*   That the defendant's conduct tended to substantially facilitate the alien entering, coming to, or remaining in the United States illegally.

Source:     Fifth Circuit Pattern Jury Instructions § 2.01C (2015 ed.)

## STIPULATED FACTS

1. Starting in or about the Summer of 2016 and continuing until in or about August 2017, in the Northern District of Texas, the defendant, **Mark Sevier**, did knowingly, intentionally, and unlawfully combine, conspire, consider, and agree with other persons, including Carl Eugene Hall, and others, to conceal and disguise the employment of illegal aliens at Speed Fab-Crete Corporation ("Speed Fab-Crete") by placing them on the payroll of Take Charge Staffing, in violation of 8 U.S.C. § 1324(a)(1)(A).

2. **Mark Sevier** was the owner of Take Charge Staffing, a staffing company based in Fort Worth, Texas. Carl Eugene Hall was one of the owners of Speed Fab-

Crete, a construction company located in Kennedale, Texas.

3. In October 2015, Homeland Security Investigations of the Department of Homeland Security ("HSI") commenced a Form I-9 inspection of Speed Fab Crete. Among other things, HSI obtained employment records, including Forms I-9, from Speed Fab Crete concerning its work force. HSI determined that of the 106 employees of Speed Fab Crete, approximately 43 employees were not authorized to work in the United States because they were in the United States illegally.

4. In April 2016, Speed Fab Crete entered into a settlement agreement with the United States Department of Homeland Security, United States Immigration and Customs Enforcement. In the settlement agreement, Speed Fab Crete admitted to employing 41 illegal aliens knowing that they were unauthorized to work in the United States. Speed Fab Crete further agreed to provide ICE with a memorandum, no later than October 15, 2016, detailing the employment status of the 41 illegal aliens. ICE agreed that Speed Fab Crete would have a six-month period before ICE would conduct any subsequent I-9 inspection. Speed Fab Crete further acknowledged that any subsequent violations may subject the company to enhanced penalties as it would be treated as an employer with previous violations. Neither Take Charge Staffing or Mark Sevier was a party to the Settlement Agreement.

5. In or about February 2016, before entering into the settlement with ICE, Speed Fab Crete began taking steps to replace the 43 illegal aliens with legal employees. To that end, Speed Fab Crete's owners, including Carl Eugene Hall, met with representatives from Take Charge Staffing, including Mark Sevier, about whether Take

Charge Staffing could supply legal employees. During the meeting, Carl Eugene Hall asked Mark Sevier to provide a "payroll" service by transferring the illegal aliens to Take Charge Staffing's payroll system and assigning them back to Speed Fab Crete. At the time, Mark Sevier refused to engage in such conduct.

6. Between February 2016 and September 2016, Take Charge Staffing attempted to supply legal workers to Speed Fab Crete, but was largely unsuccessful in replacing the full work force. In or about September 2016, however, Take Charge Staffing, at the direction of Mark Sevier, agreed to provide the "payroll" service for 23 illegal aliens at Speed Fab Crete. Carl Eugene Hall agreed to transfer the 23 illegal aliens to the payroll of Take Charge Staffing. On or about September 23, 2016, Speed Fab Crete terminated 39 illegal aliens and essentially reassigned 23 illegal aliens from Speed Fab Crete's payroll to Take Charge Staffing's payroll. Each of the 23 illegal aliens returned to work at Speed Fab Crete the following business day.

7. On or about October 11, 2016, in accordance with the Settlement Agreement with ICE, Speed Fab Crete, under the signature of Speed Fab-Crete's Chief Financial Officer, sent a written statement to the government stating that all 39 of the illegal aliens were released and were "no longer working at Speed Fab-Crete Corporation," which was false and misleading.

8. During the period of time that the illegal employees were on Take Charge Staffing's payroll, but working at Speed Fab-Crete, Mark Sevier would send invoices to Speed Fab-Crete for the payroll expenses for the unauthorized employees, and Carl Eugene Hall would authorize payment of those invoices. As a particular example, on or

about June 23, 2017, Mark Sevier, on behalf of Take Charge Staffing, submitted Vendor Invoice No. 2261 for $18,956.70 for payroll expenses for approximately 16 illegal employees. On or about June 26, 2017, Carl Eugene Hall authorized payment on purchase order 113644 to cover the payroll expenses of the approximately 16 illegal employees who were working at Speed Fab-Crete.

----- NOTHING FURTHER ON THIS PAGE -----

9. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 11th day of October, 2019.

_____
MARK SEVIER
Defendant

_____
MARK DANIEL
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
CATHY RICHARDSON
Special Assistant United States Attorney
Texas Bar No. 24076647
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8800
Email: cathy.richardso@usdoj.gov

_____
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8800
Email: nick.bunch@usdoj.gov